```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

PHILLIP LAYMON,               )
                              )
           Plaintiff,         )
                              )
v.                            )    Case No. CIV-13-023-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
           Defendant.         )
```

## REPORT AND RECOMMENDATION

Plaintiff Phillip Laymon (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 17, 1970 and was 41 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant worked in the past as a yard worker. Claimant alleges an inability to work beginning March 10, 2009 due to limitations arising from breathing problems, nerves, depression, and fast heart rate at times.

3

**Procedural History**

On October 29, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq*.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 14, 2011, an administrative hearing was held before ALJ Osly Deramus in McAlester, Oklahoma. On October 3, 2011, the ALJ issued an unfavorable decision on Claimant's application. On November 9, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of work at all exertional levels with non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an unsupported RFC determination; (2) failing to make a proper credibility determination; and (3) failing to fully develop the record.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma and depressive disorder, NOS. (Tr. 12). The ALJ also found Claimant retained the RFC to perform a a full range of work at all exertional levels except that he must avoid dust, fumes, gases, and other pulmonary irritants. Additionally, due to psychologically based factors, Claimant had some limitations but could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 16). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of bus boy/dining room attendant and hand bander both of which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 21).

Claimant contends the ALJ failed to reach an appropriate RFC since he improperly rejected the opinion of Claimant's treating physician, Dr. Rick L. Robbins. On February 21, 2011, Dr. Robbins authored an Attending Physician's Statement regarding Claimant's treatment. He diagnosed Claimant with asthma in consideration for which he should avoid dust, smoke, fumes, gases, expoures to marked temperature changes, humidity, and exertion. Dr. Robbins opined that Claimant's condition was severe enough to interfere with his

5

attention and concentration and ability to tolerate work stress. (Tr. 473). He also stated that Claimant would have to take unscheduled breaks during an 8 hour work shift and the condition would likely produce "good days" and "bad days." Dr. Robbins' estimated, on average, Claimant would have to be absent from work for more than 4 days per month as a result of Claimant's impairment or treatment. (Tr. 474).

The ALJ acknowledged Dr. Robbins' status as Claimant's treating physician, the content of his medical source statement, and his opinion regarding Claimant's functional limitations in his decision. He concluded, however, that "[t]he undersigned gives Dr. Robbins' opinion little weight, because the degree of limitation he assesses is not supported by the medical evidence of record, including his own treatment notes." (Tr. 19). This represents the totality of the examination and analysis of Dr. Robbins' opinions.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial

6

evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers

7

the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ states he gave Dr. Robbins' opinion "little weight" but it is apparent that he gave it no weight with no analysis utilizing the Watkins factors. On remand, the ALJ shall re-evaluate Dr. Robbins' opinions and provide the basis for giving the opinion reduced weight by proceeding through the required analysis.

**Credibility Determination**

Claimant contends the ALJ failed to provide the required analysis of Claimant's credibility in the statements of limitation he provided. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and

intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ cited to the medical record, the discrepancies he found between Claimant's testimony and the various findings on his functional limitations. This Court finds no error in the ALJ's

analysis. However, on remand, the ALJ should reconsider his credibility findings in light of his re-evaluation of Dr. Robbins' opinions.

**Duty to Develop the Record**

Claimant asserts the ALJ failed to develop the record by failing to seek clarification or further information from her treating physician regarding mental and physical impairments. This argument lacks specificity.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a

claimant is represented by counsel.  Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993).  The court, however, is not required to act as a claimant's advocate.  Henrie, 13 F.3d at 361.

Claimant attempts to impose a burden upon the ALJ to essentially develop his case for him.  Such is not the burden established by the law.  This Court finds the ALJ adequately developed the record to ascertain the level of limitation his impairments imposed upon his ability to engage in basic work activities.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court

based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE